E-FILED
Monday, 27 November, 2006  03:35:47 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Lester Gayton, Jr., Administrator of the Estate of India Taylor, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.  04-CV-1354 |
| Michael D. McCoy et al., | ) ) ) |
| Defendants. | ) ) |

## **OPINION**

Defendants have filed a joint motion pursuant to Fed. R. Civ. P. 26 and 37 to bar Plaintiff "from disclosing or seeking to introduce at trial any opinions of Dr. Corey Weinstein or any other expert whose opinions are subject to disclosure under Rule 26(a)(2)."  (d/e 93).  Defendants' grounds are untimeliness–they assert that Plaintiff's expert report was due September 30, 2006, and has still not been provided.[1]

Plaintiff counters that he already satisfied Rule 26's requirements with the report by Dr. Weinstein filed on February 3, 2006.  (d/e 68)(the "February report").  Plaintiff's counsel also maintains that he told Defendants' counsel on October 20, 2006, after the completion of the

---

[1] The deadline set by the Court and agreed to by the parties was August 31, 2006, but Defendants subsequently agreed to a 30-day extension.  (d/e's 85, 86).

non-expert depositions, that he would be providing Dr. Weinstein's expert report based on those depositions, yet Defendants said nothing at that time about their planned motion to bar his expert.

Plaintiff does not dispute that he did not intend the February report to function as his Rule 26 expert report until after Defendants filed their motion to bar. Nor could the argument reasonably be made. Plaintiff has consistently treated the February report as only the affidavit required by 735 ILCS 5/2-622–the report itself is labeled preliminary. Plaintiff's counsel does not dispute that he has repeatedly represented to Defendants that the Rule 26 expert report was forthcoming.[2]

Plaintiff instead posits that "[d]isclosure–not intent–is the object of the discovery rules." (d/e 96). He contends that the February filing satisfies Rule 26's disclosure requirements in hind sight, even if not intended to do so.

The Court rejects the argument that the expert disclosure requirements of Rule 26 can be accomplished by recharacterizing prior pleadings. The disclosure of Plaintiff's *intent* to treat Dr. Weinstein's

---

[2]County Defendants' Reply, d/e 100 and cites to record therein; Medical Defendants' Reply, d/e 98 and cites to record therein; Affidavit of Richard Steagall, d/e 68 ("This Declaration and the attached report are being filed under Section 2-622 of the Illinois Code of Civil Procedure"); Plaintiff's Motion for Extension to File § 2-622 report or Order Report is not required, d/e 64.

February report as a Rule 26 report is as important as the information contained in the report itself. Defendants reasonably relied on Plaintiff's representations that Dr. Weinstein's Rule 26 expert report was coming. If Plaintiff had represented that the February 2006 report was also the Rule 26 report, Defendants could have filed objections to the report back in February, instead of eight months later as a side argument to their motion to bar.

In any event, even if Dr. Weinstein's February report had been disclosed as a Rule 26 expert report when it was filed, the report lacks sufficient detail. Rule 26(a)(2)(B) requires:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered . . ; any exhibits to be used as a summary of or support for the opinion; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid . . .; and a listing of any other cases in which the witness has testified as an expert . . . within the preceding four years. . ."

Rule 26(a) expert reports cannot be "sketchy, vague or preliminary in nature." Salgado v. General Motors Corp., 150 F.3d 735, 742 n.6 (7th Cir. 1998). Conclusory opinions are not sufficient; the report must reveal the "how" and "why" of those conclusions. Id. "The report must be complete such that opposing counsel is not forced to depose an expert in order to

avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert deposition and thus to conserve resources." Id.  A preliminary report does not satisfy Rule 26, nor is there a "substantial compliance" exception.  Sherrod v. Lingle, 223 F.3d 605, 612-613 (7th Cir. 2000).  "[E]xpert's reports are to be a detailed and complete statement of the testimony of the expert on direct examination."  Salgado, 150 F.3d 735, 742 n.6.

The February report does meet several of Rule 26's requirements. For example, Dr. Weinstein signed the report and set forth his qualifications, standard compensation, publications, and testimony as an expert witness in prior litigation.  The February report also sets forth some of Dr. Weinstein's expert opinions, though not all since the report is labeled "preliminary" and it does not appear that Ms. Taylor's medical records from her private physician or treating hospital were reviewed.  Yet Dr. Weinstein does express the opinion that Defendants' failure to continue Ms. Taylor's prescriptions and treat her heroin withdrawal caused an elevation of Ms.

Taylor's heart rate and blood pressure, which worsened her cardiovascular disease and likely caused her death.  (February report, p. 2).[3]

However, the detail supporting that opinion is lacking.  For example, Dr. Weinstein says only that Ms. Taylor's prescribed medications were "complex and sophisticated" and that heroine withdrawal "usually causes elevations in heart rate and blood pressure." There is no detail on the history, progression and extent of *Ms. Taylor's* particular health problems, including her heroin addiction.  There is no supporting detail on the prescribed dosage of the medicines, how those medicines interact, what happens if the medicines are missed for a day or two, or what the treatment should have been for Ms. Taylor's heroin addiction.  This is not an exhaustive list, but is intended only to demonstrate that Rule 26 requires more than the detail provided by the February report.

---

[3]Dr. Weinstein asserts that the nurses failed to record a history of the "quantity and frequency of heroin use, . . . did not document when the last dose was . . . [d]id not record any observations for fresh needle marks and did not report on the presence or absence of perspiration, pilerection, elevated temperature, elevated pulse.  The one vital sign recorded . . ., a blood pressureof 168/90, was consistent with a withdrawal syndrome." (February report at p.2).  He closes with the conclusion "Had Ms. Taylor's medications not been interrupted and instead been provided, as is routine and standard in jail medical care; and had her heroin withdrawal been treated as was demanded by PCJ protocol, then it is likely that the lethal event on 10/17/2003 would have been prevented." Id.

Thus, the February report is not a Rule 26 expert report. Therefore, Plaintiff did not provide his Rule 26 expert report by the September 30, 2006 deadline and has still not provided it. Fed. R. Civ. P. 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure . . .

"The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Salgado, 150 F.3d at 742.

Plaintiff's failure to timely provide Dr. Weinstein's Rule 26 expert report is not justified. As discussed above, his hindsight argument that the February report suffices is without merit. Plaintiff also argues that he could not "supplement" the February report until after all the depositions were completed. Yet this circumstance was entirely foreseeable. The revised schedule agreed to by Plaintiff and entered by the Court specifically required Plaintiff produce his expert report *before* the deadline for fact discovery, including non-expert depositions. (d/e's 85, 86). Plaintiff's

report was due August 31, 2006, with fact discovery to close one month later. Plaintiff could have timely filed a motion to extend his deadline if he believed the depositions that were conducted after August 2006 were necessary to prepare Dr. Weinstein's Rule 26 report. CDIL-Local Rule 6.1 (motions for extension of time must be filed before original deadline).[4] Plaintiff's contention that Defendants had a duty to warn him their motion to bar was forthcoming is without merit. See Finwall v. City of Chicago, —F.R.D. —, 2006 WL 1491316 *5 (N.D. Ill. 2006)(duty to attempt to resolve dispute under local rule did not apply to motion to bar expert witness). Defendants had already agreed to a 30-day extension with no results. Defendants were not required to agree to that extension, nor were they required to continue to offer extensions.

Nonetheless, barring Dr. Weinstein as an expert is too drastic and would effectively eviscerate Plaintiff's case. "Depriving the parties of a merits disposition is serious business." Salgado, 150 F.3d at 740. Plaintiff's arguments do show that Defendants have known since February that Plaintiff would call Dr. Weinstein as an expert. And, though lacking the

---

[4] Thus, Defendants' September and October depositions were conducted within their deadline. One police officer was deposed in early November by agreement, but that does not excuse Plaintiff's failure to meet his deadline or ask for an extension.

detail required by Rule 26, the February report does give notice of the gravamen of Dr. Weinstein's opinion: the failure to treat India Taylor for hypertension, diabetes and heroin withdrawal caused her death. The February report does not excuse Plaintiff's failure to timely produce a Rule 26 expert report, but it does eliminate the harm to Defendants of any unfair surprise.

The primary harms from Plaintiff's failure to either timely produce the Rule 26 expert report or to timely request an extension are: 1) Defendants' time and expense for their motion to bar; 2) reduced time for Defendants to conduct expert discovery if the deadlines remain as scheduled; and 3) protraction of the case if those deadlines are extended.

These harms can be substantially mitigated without barring Dr. Weinstein as an expert. Though Defendants cannot recoup the time spent on their motion, they can recover their expenses and attorney's fees for their motion to bar. In the Court's view, that sanction is more "proportionate to the infraction" than barring Dr. Weinstein as an expert or limiting him to the statements in the February 2006 report. Salgado, 150 F.3d at 740; Sherrod, 223 F.3d at 612. Expert discovery and dispositive motion deadlines will be extended to avoid prejudice to Defendants. Lastly,

the Court will bar Plaintiff from introducing the expert testimony of any witness other than Dr. Weinstein.

The Court notes that Defendants are entitled to Dr. Weinstein's Rule 26 expert report in sufficient advance of his deposition. Fed. R. Civ. P. 26(b)(4)(A). Fact discovery closed October 31, 2006 and Plaintiff received transcripts for McCoy and Smith on November 6, 2006. (d/e 102, p.3). Thus, Dr. Weinstein should already have in his possession all information necessary to author his Rule 26 report.

IT IS THEREFORE ORDERED THAT:

1) Defendants' joint motion to bar Plaintiff's experts is granted in part and denied in part (d/e 93). The motion is granted to the extent it seeks to bar Plaintiff's experts other than Dr. Corey Weinstein. The motion is denied to the extent it seeks to bar Dr. Corey Weinstein as an expert. Expenses and costs are awarded to Defendants and against Plaintiff's counsel.

2) Fact discovery remains closed. The Court extends the following deadlines only:

    A. By December 18, 2006, Plaintiff shall provide Defendants with Dr. Corey Weinstein's written report required by Fed. R. Civ. P.

26(a)(2)(B).

      B.  The deposition of Dr. Corey Weinstein, if any, shall be completed by February 1, 2007, and shall be scheduled at least 21 days after the production of Dr. Weinstein's Rule 26 report.

      C.  All Defendants are to identify testifying experts and to provide Rule 26 expert reports by March 1, 2007.

      D.  The depositions of Defendants' experts, if any, shall be completed by April 30, 2007.

      E.  Expert discovery shall be completed April 30, 2007.

      F.  Dispositive motions are due May 30, 2007.

4) The motion for extension of discovery deadlines by Defendants Advanced Correctional Healthcare, Inc. et al is denied as moot (d/e 99).

5) Plaintiff's Motion to Set Time for Supplemental Report of his Expert Witness & the Deposition (d/e 101) is denied to the extent it seeks a deadline of February 1, 2006 to produce Dr. Weinstein's Rule 26 report. The motion is otherwise denied as moot.

6) County Defendants' Motion for Extension of Expert Discovery and Dispositive Motion Deadlines (d/e 106) denied as moot.

7) Defendants shall have until December 11, 2006, to file an affidavit of Defendants' reasonable expenses, including attorney's fees, incurred in relation to their joint motion to bar expert testimony. Said affidavit shall include the amount requested and the necessary documentation to support that amount. Plaintiff's counsel shall have until December 26, 2006 to file a response.

8) Plaintiff's request for attorneys' fees and expenses for defending against the joint motion to bar is denied. As discussed above, Defendants' motion to bar was substantially justified.

ENTER:   November 27, 2006

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE